NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Isaiah FAWKES, et al.,

        Defendants.

Crim. No. 07-42

Memorandum Order

THOMPSON, U.S.D.J.

    This matter has come before the Court on the United States of America's ("the Government") motion to correct the sentence of Defendant Isaiah Fawkes [docket #517] The Government argues that the Court committed a clear error of law in deciding not to include a personal money judgment against Fawkes as a form of forfeiture when imposing sentence.

    At sentencing in this matter, the Court inquired into whether forfeiture was a mandatory part of the sentence to be imposed on Defendant Fawkes for his conviction on drug and money laundering charges. The Government responded at that time that it was unsure as to whether imposition of forfeiture was required. The Court decided that it would not enter a personal judgment against Defendant Fawkes because he did not have known assets that could be used to satisfy this forfeiture and the Defendant had been incarcerated for seven years on another charge.

    Generally speaking, forfeiture is required for both money laundering and drug-related offenses if the Government can identify specific property that was related to those offenses. *See* 21 U.S.C. § 853(a)(1); 18 U.S.C. § 982(a)(1); *see also United States v. Monsanto*, 491 U.S. 600, 607 (1989). In this case, however, because the Government has not identified specific property subject to forfeiture, a personal judgment against the Defendant may be entered. *See* 21 U.S.C. §

1

853(p). This also appears to be a mandatory requirement, so long as one of five statutory requirements contained in § 853(p)(1) is met. *See United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006); *see also United States v. Voigt*, 89 F.3d 1050, 1088 (3d Cir. 1996).

Despite the mandatory nature of these provisions, it appears that this Court is without jurisdiction to grant the relief sought by the Government. Federal Rule of Criminal Procedure 35(a) provides a 14-day window in which correcting a sentence is permitted. The Government in this case filed this pending motion on the fourteenth day following imposition of Defendant's original sentence. As the United States Court of Appeals for the Third Circuit held in *United States v. Higgs*, 504 F.3d 456 (3d Cir. 2007), this 14-day window is jurisdictional in nature. *Id.* at 463. Therefore, because this 14-day window has passed, the Court cannot correct Defendant's sentence. *See id.* It does not matter that the Government filed its motion within this 14-day window. *See id.* at 461–63; *see also United States v. Idone*, 38 F.3d 693, 698 (3d Cir. 1994) (failure of the district court to act within the required time is jurisdictional).

The Court notes, however, that the Government is in a difficult position to recover any property that would be subject to forfeiture. No assets have been identified by the Government that Defendant owns or possesses. The Defendant is still facing many more years in custody.

Therefore, because the Court is without subject matter jurisdiction,

IT IS on this 12th day of March, 2012,

ORDERED that the United States of America's Motion to Correct Sentence [517] is DENIED.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.